*Decision will be entered under Rule 50.*

DISTRICT BOND COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

MAE RECOR MACPHERSON, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 88970, 92083, 94486.   Promulgated April 11, 1939.

*Dana Latham, Esq.,* and *I. Blair Evans, Esq.,* for the petitioners.
*Alva C. Baird, Esq.,* for the respondent.

740

742

## OPINION.

HILL: The principal issue for decision, involved in all three of the present proceedings, is whether or not interest on bonds issued by various California municipalities under the various California improvement acts set out in our findings of fact above is exempt from Federal income tax. We have heretofore considered and decided this question in respect of five of the seven California improvement acts involved.

In *Milo W. Bekins et al., Executors*, 38 B. T. A. 604, we held that interest on bonds issued under the California Improvement Act of 1911 and the California County Improvement Act of 1921 was subject to the tax, while interest on bonds issued under the California Acquisition and Improvement Act of 1925 and the California Improvement Bond Act of 1915 was held not subject to such tax. Also, in *Harriet A. Heath*, 38 B. T. A. 1127, we held that interest on bonds issued under the California Road District Improvement Act of 1907 was exempt from the Federal income tax.

On authority of the cited decisions and for the reasons therein stated, we approve respondent's action in including in the taxable

income of the present petitioners interest received by them on bonds issued under the California Improvement Act of 1911 and the California County Improvement Act of 1921; on the same authority we hold that respondent erred, and accordingly disapprove his action, in including in the taxable income of petitioners interest received on bonds issued under the California Acquisition and Improvement Act of 1925, the California Road District Improvement Act of 1907, and the California Improvement Bond Act of 1915.

This leaves for consideration here only the question of the taxability of interest on bonds issued under the California Municipal Improvement District Act of 1915, approved April 20, 1915, California Stats. 1915, p. 99; Deering's General Laws of California, Act No. 5184, and the California Street Opening Bond Act of 1911, approved April 27, 1911, California Stats. 1911, p. 1192; Deering's General Laws of California, Act No. 855.

Section 22 (b) (4) of the Revenue Acts of 1934 and 1936 provides, among other things, that interest upon obligations of a state, or any political subdivision thereof, shall not be included in gross income and shall be exempt from income tax. The question presented here, then, is whether or not the bonds in controversy constituted obligations of the State of California, or its political subdivisions. The parties have stipulated that all of the bonds under consideration were issued by California municipalities under the various California improvement acts referred to, in accordance with the provisions of the act applicable to each type of bond, and were issued to provide funds for public purposes. Our further discussion will, therefore, proceed upon the hypothesis that the terms of the bonds were in accordance with the provisions of the statute applicable to each type, and reference will be made only to the terms of the bonds, which, so far as material to the question under consideration, are set out at length hereinabove.

Following the reasoning of the decisions above cited, we hold that petitioners' bonds issued under the California Municipal Improvement District Act of 1915 were direct obligations of a political subdivision of the State of California, and so exempt from tax. These bonds contained the affirmative and unconditional promise of Municipal Improvement District No. 27 of the City of Los Angeles, by its governing body, the mayor and the council of that city, to pay to the bearer on a date specified the principal sum of each bond, together with interest as therein provided. The bonds recited that provision had been made for the collection of an annual tax upon the taxable property of the improvement district sufficient to pay the interest and constitute a sinking fund for payment of the principal. These bonds were nonetheless obligations of Municipal Improvement

District No. 27 because principal and interest were payable exclusively out of taxes levied upon the taxable property of the district. Cf. *Michael Pontarelli*, 35 B. T. A. 872; affd., 97 Fed. (2d) 793; *Commissioner* v. *Carey-Reed Co.*, 101 Fed. (2d) 602, affirming 36 B. T. A. 36. Respondent's action in including in petitioners' taxable income the interest received on bonds issued under the California Municipal Improvement District Act of 1915 is reversed.

The bonds of petitioners issued under the California Street Opening Bond Act of 1911 were materially different from those last above discussed. They resemble more closely, both in form and substance, the bonds issued under the California Improvement Act of 1911 and California County Improvement Act of 1921, interest on which, as we have before pointed out, was held in the *Bekins* case, *supra*, to be subject to tax.

These bonds were issued to represent unpaid assessments against the benefited property, and until paid with accrued interest were a first lien on the property affected. The bondholder was required to look to the property for payment, and in case of default was entitled to declare the whole unpaid amount due and payable, and to have the land advertised and sold forthwith in the manner provided by law. Certain specified penalties were to be added to the amount in default and paid to the holder of the bond along with and as a part of the defaulted payment.

Under the California Street Opening Bond Act of 1911, as under the California Improvement Act of 1911, considered in the *Bekins* case, the bondholder's sole remedy was against the property benefited, neither the city nor any of its officials being holden for payment. Such bonds, therefore, did not represent obligations of the city, and we hold respondent did not err in including in petitioners' gross income the interest received by them in the taxable years from such bonds.

The second issue submitted for decision involves a deduction from gross income for 1935 claimed by petitioner in Docket No. 88970 and disallowed by respondent in the following circumstances: For the years 1932 and 1933 petitioner accrued on its books interest in the amount of $2,636.90 on bonds issued under the California Acquisition and Improvement Act of 1925, which was exempt from Federal income tax. Such amount was not included in determining taxable income for either year by petitioner or respondent. Petitioner also accrued on its books for 1934 interest on similar bonds in the sum of $1,795.27 which was not reported by petitioner in its return as taxable income but was included in income by respondent in computing the deficiency for 1934. The coupons on the particular

bonds representing the interest referred to and here in controversy became wholly worthless in 1935 and were charged off its books by petitioner.

Respondent allowed the deduction of the $1,795.27 as a bad debt for 1935 because such amount had been included in taxable income for 1934. But respondent disallowed the deduction of $2,636.90 accrued for 1932 and 1933 from income for 1935 for the reason that such amount had not theretofore been included in taxable income. Respondent's action on this issue must be approved. We have long adhered to the rule that a taxpayer can not take as a deduction the loss of a gain which has not been reflected in income. *Charles A. Collin*, 1 B. T. A. 305; *Howard J. Simons*, 1 B. T. A. 351; *J. Noble Hayes*, 7 B. T. A. 936; *Henry V. Poor*, 11 B. T. A. 781; affd., 30 Fed. (2d) 1019; *J. E. Burke*, 19 B. T. A. 743; *Searles Real Estate Trust*, 25 B. T. A. 1115, 1118; *George N. Crouse*, 26 B. T. A. 477, 482.

Petitioner insists that the deduction should be allowed in the instant case, notwithstanding the rule above referred to, for the reason that the amount in controversy was accrued by petitioner on its books and, it is argued, thus passed through the "tax mill." We can not agree with this argument. So far as concerns tax liability, a taxpayer on an accrual basis who accrues an income item on his books but does not include the amount in taxable income is in no different position than the taxpayer on a cash basis who does not include a similar item in income because it has not been received. To allow the deduction in either of such events would result in reducing the amount of the *taxable income* received or accrued from other sources by an amount representing not a loss of capital or of actual income, but merely a loss of anticipated earnings. For a further discussion of this point, see *Charles K. Beekman*, 17 B. T. A. 643, at page 648.

The parties have stipulated that if we should hold that the interest accrued by petitioner in Docket No. 88970 on the bonds issued under the California Acquisition and Improvement Act of 1925 was not subject to the Federal income tax, and should further hold that a loss on account of accruals thereof in prior years was not deductible from petitioner's income for 1935, then the income as computed by respondent for 1935 should be increased by the amount of $1,795.27. Having so held, the income computed by respondent may be increased, as stipulated, to the extent that the deficiency originally determined by respondent is not thereby increased, since respondent has made no claim for an increased deficiency.

The issues hereinabove discussed and decided have been stipulated by the parties to be the only issues submitted for decision. Accordingly, all other issues raised by the pleadings are assumed to have been abandoned, and respondent's action thereon stands approved.

*Decisions will be entered under Rule 50.*